IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MB AUTO CARE MANAGEMENT, INC.
D/B/A PRONTO WASH PLAZA CAROLINA,
INC.

    Plaintiff

v.                                                                    Civil No. 10-1095 (SEC)

PLAZA CAROLINA MALL, L.P., SPG
CAROLINA, L.P., SIMON, PC, INC.

    Defendants

**OPINION AND ORDER**

    This case is before the Court pursuant to a Notice of Removal filed by Defendants in the above captioned case, which was filed before the Puerto Rico Court of First Instance, Carolina Part. Docket # 1. Plaintiff moved to remand the case, arguing that the amount in controversy requirement is not met, and as a result, this Court lacks subject-matter jurisdiction. Docket # 13.

    After reviewing the filings and the applicable law, Plaintiff's motion to remand is **DENIED**.

    **Factual and Procedural Background**

    Plaintiff filed suit against Defendants at the Commonwealth court, alleging breach of contract, and seeking declaratory judgment. Docket # 1-6. According to the complaint, on January 8, 2008, the parties signed a three-year lease agreement worth $90,000, which was set to expire on December 31, 2010. Plaintiff allege that, notwithstanding their compliance with the above-mentioned contract, Defendants ordered them to vacate the premises on January, 2010, prior to the conclusion of the lease agreement. As such, Plaintiff filed suit in the state court for declaratory judgment regarding the validity of the lease agreement, the terms of the same, Plaintiff's compliance with the agreement's terms, and the parties' legal relationship.

**Civil No. 10-1095 (SEC)**                                                                                      Page 2

On February 5, 2010, Defendants filed a notice of removal in this Court under diversity jurisdiction (Docket # 1). Shortly thereafter, Plaintiff moved to remand (Docket # 13), and Defendants' opposed (Docket # 14). According to Plaintiffs, the amount in controversy requirement is not satisfied, insofar as they only seek declaratory judgment. In opposition, Defendants argue that pursuant to the complaint, the lease agreement was worth $90,000, that is, well beyond the $75,000 jurisdictional requirement.

**Standard of Review**

Section 1441 states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending..." 28 U.S.C. § 1441(a). For a Defendant to remove an action from state court to federal court, it must file a timely notice of removal in the district court within thirty (30) days after the service of summons upon the defendant of the complaint, or after the receipt by the defendant of any pleading from which it may be first ascertained that the case is removable. 28 U.S.C. § 1446 (a) & (b).

The Supreme Court has held that, in order for the Court to hear a case, subject matter jurisdiction must "be established as a threshold matter." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). Therefore this Court must first address any jurisdictional issues. It is well known that subject matter jurisdiction is granted to federal courts by either "28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, [or] § 1332, which provides for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). Historically, diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008); 28 U.S.C. § 1441(b). Ordinarily, Plaintiff must show that complete diversity exists, and that he meets the amount in controversy requirement, that is, the matter in controversy exceeds $75,000, excluding interests and costs. See 28 U.S.C. § 1332. However, in case of removal, the removing

**Civil Case No. 10-1095 (SEC)**                                                                                            Page 3

party bears the burden of showing that no plaintiff is a citizen of the same state as any of the defendants,[1] and that the matter in controversy exceeds $75,000, excluding interests and costs. See 28 U.S.C. § 1332.

When determining whether a party meets the amount-in-controversy minimum, the Court must apply the long standing test established in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). See Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001); Renaissance Mktg. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 210 (D.P.R. 2009). The test requires that in performing this inquiry, the court use the sum claimed by the plaintiff "if the claim is apparently made in good faith." Spielman, 251 F. 3d at 5; see also Stewart v. Tupperware Corp., 356 F.3d 335 (1st Cir. 2004). This general allegation "suffices unless questioned by the opposing party or the court." Stewart, 356 F. 3d at 338. If the opposing party challenges the damages allegation, then "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id.

On the other hand, when a plaintiff does not allege a specific amount of damages, courts must examine the complaint to determine whether "it is facially apparent that the claims exceed the jurisdictional amount." St. Paul Reinsurance Co., Ltd. V. Greenberg, 134 F. 3d 1250, 1253 (5th Cir. 1998). In that case, courts may rely on "summary-judgment type evidence to ascertain the amount in controversy." Id. Thus, the "legal certainty test has limited utility - in fact is inapplicable- when the plaintiff has alleged an indeterminate amount of damages." Id.

**Applicable Law and Analysis**

In the present case, the diversity of the parties is not at issue, since Plaintiff is a resident of Puerto Rico, and Defendants' principal place of business is in Delaware. As such, the first

---

[1] When removal is premised on diversity jurisdiction, defendants may remove a case from state to federal court only when none of the named defendants is a citizen of the state in which the action was originally brought. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, 3d § 3723; see also 28 U.S.C. § 1441(b).

**Civil Case No. 10-1095 (SEC)** Page 4

requisite for diversity jurisdiction is met. However, Plaintiff alleges that remand is proper because the $75,000.00 jurisdictional amount is not met, depriving this Court of subject-matter jurisdiction. Specifically, Plaintiff argues that they only sought declaratory judgment in state court, not monetary compensation. Alternatively, Plaintiff's contend that considering that the three-year lease agreement's total value is $90,000, and only one year remained, Plaintiff could not request more than one third of its value, to wit, $30,000.

Because Defendants are seeking removal of the lawsuit to federal court, they bear "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." NSI Int'l, Inc. v. Mustafa, No 09-CV-1536, slip op. 15, 2009 U.S. Dist. LEXIS 73909 (E.D.N.Y. Aug. 20, 2009). Accordingly, in opposition to Plaintiff's request to remand, Defendants point out that in actions seeking declaratory judgment, the amount in controversy is measured by the value of the object of litigation, the protected right, and the extent of the injury to be prevented. Defendants assert that in the complaint Plaintiff admits that the lease agreement object of the complaint is worth $90,000. They further note that the rights Plaintiff seeks to protect, specifically the value of Plaintiff's business, such as costs, profits, and debts, also exceed the jurisdictional amount. Lastly, Defendants argue that attorney's fees, which are allowed in the lease agreement, should also be considered when determining the amount in controversy. Based on the foregoing, Defendants argue that the amount in controversy requirement is met, and thus removal is proper.

Courts have held that when damages are not requested, "the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy." DiTolla v. Doral Dental IPA of N.Y., LLC, 469 F.3d 271, 276-277 (2d Cir. N.Y. 2006) (citing Kheel v. Port of New York Authority, 457 F.2d 46, 49 (2d Cir. 1972)); see also Mustafa, slip op. at 22-23. Similarly, "the value to the plaintiff of the right sought to be enforced" is considered. Advance Am. Servicing of Ark., Inc. v. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008) (citing Massachusetts State Pharm. Ass'n v. Fed. Prescription Serv., Inc.,

**Civil Case No. 10-1095 (SEC)**                                                                                              Page 5

431 F.2d 130, 132 (8th Cir. 1970); Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 407 (6th Cir. 2007) (finding that "'[i]t is generally agreed in this circuit, that the amount in controversy should be determined 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect'"); see also Alicea v. Circuit City Stores, Inc., 534 F. Supp. 2d 432, 435 (S.D.N.Y. 2008).

The Supreme Court has held that, in actions for declaratory or injunctive relief, which "are equitable in nature, the amount in controversy is measured by the value of the object of the litigation," DiTolla, 469 F.3d at 276 (citing Hunt v. Washington State Apple Advertising Commission, 432 U.S. 333, 347 (1977) (superseded on other grounds), "or the extent of the injury to be prevented." St. Paul Reinsurance, 134 F.3d at 1252-1253 (citations omitted); see also Correspondent Servs. Corp. v. First Equities Corp. of Fla., 442 F.3d 767, 769 (2d Cir. 2006). That is, "the value of the requested relief is the monetary value of the benefit that would flow to the plaintiff if injunctive or declaratory relief were granted." Mustafa, slip op. at 22-23 (citing Am. Standard, Inc. v. Oakfabco, Inc., 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007)).

Although it is true that the Complaint in this case seeks only possession of the leased property and not monetary damages, this alone does not entitle Plaintiff to remand the case to state court. Federal courts "often are confronted with cases seeking various types of non-monetary relief, such as declaratory judgments, confirmation or vacation of arbitration awards, injunctions, and other equitable remedies." MCC Mortg. LP v. Office Depot, Inc., Civ. No. 10-191, slip op. at 9, 2010 U.S. Dist. LEXIS 12597 (D. Minn. Feb. 12, 2010). If we adopted Plaintiff's argument on this front, subject-matter jurisdiction would be lacking in all claims for declaratory relief where no money damages are sought, which is clearly not the law. Id. Instead, in these types of cases, the amount in controversy should be measured by the intended benefit to the plaintiff, that is, by the difference between the plaintiff's current economic position and its position if successful in the litigation. Id. at 8-9. Similarly, by filing suit, Plaintiff seeks to continue its business as usual, and avoid loss of income. See Hunt, 432 U.S. at 347.

**Civil Case No. 10-1095 (SEC)**                                                                                    Page 6

Furthermore, courts have held that in actions seeking declaration that commercial lease had not been breached, "the value of the object of litigation was 'not measured simply by the amount in alleged default, . . . but also by the value of the lease agreement if terminated.'" Office Depot, Inc., slip op. at 14 (citing Fitzgerald Railcar Servs. of Omaha, Inc. v. Chief Indus., 141 Fed. Appx. 491, 492-93 (8th Cir. 2005).[2] As such, "[w]hen plaintiff has 'a significant economic stake in continuing the lease that well exceeds the jurisdictional requirement,' diversity is present." Id.

Considering the above, in determining whether the amount in controversy requirement is met in the present case, this Court must take into consideration the value of the lease agreement, as well as Plaintiff's business costs, and possible losses or earnings depending on the final decision regarding the agreement's validity. In so doing, we note that if the lease agreement is no longer found to be valid, Plaintiff would lose a business that, combined with the yearly $30,000 lease cost, plus the costs of operation, surely amounts to more than $75,000. Similarly, if this Court finds that the lease agreement is valid, Plaintiff would financially benefit from the judgment in excess of said amount. In light of foregoing, it is reasonable to conclude that Plaintiff's claims exceed the $75,000 jurisdictional amount. As a result, the second requisite for diversity jurisdiction is also met.

**Conclusion**

Based on the foregoing, this Court finds that Defendants properly removed this case, therefore, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

---

[2] In Office Depot, slip op. at 14-15, the court noted that concern over the burden that would be imposed on the federal-court system if defendants were permitted to remove eviction actions, "are largely illusory, since most tenants are citizens of the same state as their landlords, do not pay tens of thousands of dollars per month in rent, and do not have multiple-year leases," therefore, "most eviction actions will not satisfy the prerequisites for diversity jurisdiction." (citing BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 553 (7th Cir. 2002)).

**Civil Case No. 10-1095 (SEC)**                                                              Page 7

In San Juan, Puerto Rico, this 17th day of March, 2010.

                                    *S/SALVADOR E. CASELLAS*
                                    Salvador E. Casellas
                                    U.S. Senior District Judge