IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MB AUTO CARE MANAGEMENT, INC.
D/B/A PRONTO WASH PLAZA
CAROLINA

Plaintiff

v.

PLAZA CAROLINA MALL, L.P. ET AL

Defendants

Civil No. 10-1095 (SEC)

**OPINION AND ORDER**

Pending before this Court is Defendants Plaza Carolina Mall, L.P., et al's Motion for Judgment on the Pleadings (Docket # 10), Plaintiffs MB Auto Care Management, Inc. D/b/a Pronto Wash Plaza Carolina's opposition (Docket # 18), and Defendants' reply (Docket # 19). After reviewing the filings and the applicable law, Defendants' motion is **GRANTED**.

**Factual and Procedural Background**

On February 2, 2010, Defendants removed the present suit to this Court, under diversity jurisdiction. 28 U.S.C. § 1441. Shortly thereafter, Defendants answered the complaint, and filed a cross claim against Plaintiff. Docket # 4. On March 8, 2010, Plaintiff moved to remand. Docket # 13. According to Plaintiff, insofar as the complaint sought declaratory relief, the amount in controversy requirement was not met, and this Court lacked jurisdiction over the case. Id. Defendants opposed, arguing that the amounts sought in the complaint well exceeded the $75,000 minimum. Docket # 14. On this front, Defendants argued that in actions seeking declaratory judgment, the amount in controversy is measured by the value of the object of litigation, the protected right, and the extent of the injury to be prevented. Id.

**CIVIL NO. 10-1095 (SEC)**                                                                                         Page 2

On March 17, 2010, this Court denied Plaintiff's motion to remand. Docket # 15. In the *interim*, Defendants moved for judgment on the pleadings. Docket # 10. Plaintiff then opposed, and Defendants replied.

**Standard of Review**

FED. R. CIV. P. 12 (c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A judgment on the pleadings is not proper "unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Martinez v. Puerto Rico, 594 F. Supp. 2d 181, 184 (D.P.R. 2009). A motion for judgment on the pleadings uses the same standard as a motion to dismiss under FED. R. CIV. P. 12(b)(6). See Medina Pérez v. Fajardo, 257 F. Supp. 2d 467, 470-71 (D.P.R. 2003); see also Ad-Hoc Committee of Baruch Black & Hispanic Alumni Assoc. v. Bernard M. Baruch, 835 F. 2d 980, 982 (2nd Cir. 1987).

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[1] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to

---

[1] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 10-1095 (SEC)**                                                                 Page 3

the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306.  However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely on more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965).  Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F. 3d 301, 305-06 (1st Cir. 2008).

**Applicable Law and Analysis**

In their motion, Defendants argue that judgment on the pleadings is proper because the lease agreement signed by the parties on January 8, 2008 expired on December 31, 2009. According to Defendants, although the first page of the agreement has a typographical error which provides that the lease ends on "12/31/2010," the "actual terms of the document clearly shows that the contract expires on December 31, 2009, including the schedule of payments, which unequivocally shows that it ends on 12/31/2009." Docket # 10, p. 2. They argue that notwithstanding the agreement's clear language, Plaintiff failed to vacate the premises by December 31, 2009. As such, Defendants sent a letter on January 2, 2010, informing Plaintiff that the lease was terminated effective February 6, 2010, and to vacate the premises by said date. See Docket # 4-3. They argue that Plaintiff failed to vacate the premises, and continues to occupy the same despite the agreement's termination.

In opposition, Plaintiff posits that there are material issues of fact that preclude a judgment on the pleadings, such as the parties' intentions in determining whether the end date is a typographical error. Plaintiff further notes that in the January 4, 2010 letter, Defendants did not cite a typographical error in the lease agreement's expiration date, and instead terminated the same under the early termination clause.

Defendants replied, arguing that even if the lease agreement expired on December 31, 2010, paragraph 3 recognizes the landlord's right to early termination upon thirty days written notice to tenant. They contend that insofar as the letter sent on January 4, 2010 served as a

**CIVIL NO. 10-1095 (SEC)**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 5**

written notice under paragraph 3 of the lease agreement, Plaintiff should have vacated the premises by February 6, 2010.

In analyzing the present motion, this Court accepts as true all of the complaint's well-pleaded facts, and draws all reasonable inferences in Plaintiff's favor. According to the complaint, the parties executed a lease agreement on January 8, 2008, for a total of $90,000. Plaintiff avers that said agreement was set to expire on December 31, 2010, notwithstanding, Defendants unilaterally terminated the same prior to the end date.

Upon reviewing the lease agreement, this Court notes that paragraph 3 expressly provides that "...the Landlord may, at any time during the term of this Lease, in its sole discretion and with or without cause, elect to terminate this Lease upon thirty (30) days advance written notice to Tenant...Tenant understands and agrees that it is receiving terms and conditions which have been requested by and are advantageous to Tenant in return for granting Landlord flexibility with regard to the Space on account of the short term of this Lease, the Landlord's right to terminate the Lease on short notice provided herein..." Docket # 4-2, p. 3. It further states that the tenant acknowledges that no one has made any representations or promises regarding renewal or extension of the lease, "or limiting or eliminating the Landlord's right to terminate on short notice..." Id. In the letter dated January 4, 2010, Defendants notified Plaintiff that "[i]n accordance to [the lease agreement] under paragraph 3, Landlord's Right to Early Termination, Landlord hereby notified tenant that it has elected to terminate the lease effective 02/06/10 and demands possession of the demised Space by no later than the Termination Date." Docket # 4-3.

As Defendants correctly point out, paragraph 3 of the lease agreement unambiguously allows for the early termination of the lease with thirty days' written notice to tenant. Additionally, said clause is not conditioned upon cause for the termination other than the landlord's will. Plaintiff does not contest the early termination clause's validity, nor does it

**CIVIL NO. 10-1095 (SEC)**                                                              Page 6

allege error, violence, intimidation or deceit that would invalidate its consent. Instead, Plaintiff focuses on the alleged termination date of the lease agreement, which Defendants contest is a typographical error.

Article 1233 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 1233, "determines the manner in which courts should interpret contracts under dispute as to the meaning of their terms." Borschow Hosp. & Medical Supplies v. Cesar Castillo Inc., 96 F.3d 10, 15 (1st Cir. P.R. 1996) (citing Hopgood v. Merrill Lynch, Pierce, Fenner & Smith, 839 F. Supp. 98, 104 (D.P.R. 1993)). Said article provides that "[i]f the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." "Under Puerto Rico law, an agreement is 'clear' when it can 'be understood in one sense alone, without leaving any room for doubt, controversies or difference of interpretation . . .'" Executive Leasing Corp. v. Banco Popular de P.R., 48 F.3d 66, 69 (1st Cir. P.R. 1995) (citing Catullo v. Metzner, 834 F.2d 1075, 1079 (1st Cir. 1987)).

In analyzing Article 1233's scope, the First Circuit has held that the "Puerto Rico Civil Code and parol evidence rule[2] both preclude reference to extrinsic evidence where contract terms are clear." Graphics Supply v. Polychrome Corp., No. 96-1888, slip. op. at 8 (1st Cir. P.R. June 23, 1997) (citing Borschow Hosp., 96 F.3d at 15-16; see also Executive Leasing, 48 F.3d

---

[2] Puerto Rico's parol evidence rule, P.R. Laws Ann. tit. 32, App. IV, R. 69(B) (1983) provides that "[w]hen in an oral or written agreement, either public or private, all the terms and conditions constituting the true and final intention of the parties have been included, such agreement shall be deemed as complete, and therefore, there can be between the parties, or successors in interest, no evidence extrinsic to the contents of the same, except in the following cases: (1) Where a mistake or imperfection of the agreement is put in issue by the pleadings; (2) Where the validity of the agreement is the fact in dispute. This rule does not exclude other evidence of the circumstances under which the agreement was made or to which it is related such as the situation of the subject matter of the instrument or that of the parties, or to establish illegality or fraud.

at 69 (finding that the admissibility of "other evidence" under Puerto Rico law depends in the first instance on the clarity of the written contract); Mercado-Garcia v. Ponce Fed. Bank, 979 F.2d 890, 894 (1st Cir. 1992) (holding that even where both parties offered extrinsic evidence contradicting the clear terms of a promissory note, court is nonetheless "bound to look no further than the note itself"). Thus Article 1233 "obliges us to abide by the literal meaning of the terms of the contract when, as in the present case, they leave no doubt as to the intention of the contracting parties." Borschow Hosp., 96 F.3d at 16 (citing Marina Ind. Inc. v. Brown Boveri Corp., 114 P.R. Dec. 64 (1983) (official translation)); see also Hopgood, 839 F. Supp. At 106 (under Article 1233 the clear terms of the contract are the "embodiment of the indisputable intent of the parties as they entered into the contract").

Insofar as the lease agreement clearly and unambiguously allows for the early termination of the lease upon landlord's request, without more, Plaintiff's arguments regarding the alleged end date are irrelevant. More so considering that the Supreme Court of Puerto Rico has long-recognized the validity of these types of clauses, where one party unilaterally ends the contractual relationship. Flores v. Mun. de Caguas, 14 P.R. Offic. Trans. 674 (1983); Casanova v. P.R. Amer. Ins. Co., 6 P.R. Offic. Trans. 960 (1978). Therefore, this Court need not delve into whether the expiration date was December 31, 2009 or December 31, 2010.

Because the lease agreement's early termination clause granted the landlord the right to end the contractual relationship without cause as a matter of law, judgment on the pleadings is proper in this case. In light of the foregoing, Plaintiff is ordered to vacate the premises, and shall pay Defendants holdover tenancy rent calculated at one thirtieth of 250% of the minimum rent during the last full calendar month of the lease agreement.

**Conclusion**

Based on the above, Defendants' motion for judgment on the pleadings is **GRANTED**, and the instant case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of April, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge