1

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

3

4

MB AUTO CARE MANAGEMENT, INC.
D/B/A PRONTO WASH PLAZA
CAROLINA

5

Plaintiff

6

v.

7

PLAZA CAROLINA MALL, L.P. ET AL

8

Defendants

Civil No. 10-1095 (SEC)

9

**OPINION and ORDER**

10

Pending before this Court is Defendants' request for attorneys' fees and costs. Docket

11

# 53. To this date, Plaintiffs have not filed an opposition. After reviewing the filings, and the

12

applicable law, Defendants' motion is **GRANTED in part and DENIED in part**.

13

**Factual Background**

14

The facts and procedural background of this case were already set forth in this Court's

15

April 20, 2010 Opinion and Order.  Docket # 24. Therein, this Court granted Defendants'

16

motion for judgment on the pleadings, and dismissed Plaintiff's claims. Plaintiff was also

17

ordered to vacate the premises, and pay Defendants holdover rent calculated at one thirtieth of

18

250% of the minimum rent during the last full calendar month of the rental agreement.

19

On April 26, 2010, Defendants filed a motion for attorneys fees and costs pursuant to

20

Section 21(b) of the Lease Agreement, and Puerto Rico Rule of Civil Procedure 44.1. Docket

21

# 26. According to Defendants, the Lease Agreement expressly provides that if the landlord is

22

required to defend itself against any litigation arising out of the lease, the landlord shall recover

23

from the tenant its reasonable attorneys' fees and costs. They further contend that they are

24

entitled to attorneys' fees as prevailing parties in this suit. Lastly, Defendants aver that Plaintiff

25

26

acted frivolously and with obstinacy in the litigation of the case despite the agreement's clear language.

Shortly thereafter, Plaintiff filed an appeal (Docket # 28), which was later voluntarily dismissed. On November 10, 2010, Defendants filed an amended motion for attorney's fees and costs, reasserting their previous arguments and supplementing their detailed account of costs and attorneys' fees. Plaintiff did not oppose.

**Standard of Review**

*Attorney's Fees*

Under the "American Rule," practiced in the United States, "parties are ordinarily required to bear their own attorney's fees – the prevailing party is not entitled to collect from the loser." Buckhannon v. West Va. Dept. Of Health, 532 U.S. 598, 602 (201); see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). Therefore, "a prevailing party is prohibited from requiring the losing party to pay for attorneys' fees unless there is a statute or enforceable contract providing for attorneys' fees." Rodriguez-Torres v. Gov't Dev. Bank of P.R., 708 F. Supp. 2d 195, 198 (D.P.R. 2010) (citing Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967)). A prevailing party, notwithstanding, "may be entitled to attorneys' fees in the absence of a statutory provision or a contract when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).

Additionally, where, as here, the court's jurisdiction is based on diversity of the parties, a district court's award of attorneys' fees is governed by relevant state law, in this case Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure. P.R. Laws Ann. tit. 32, App. III, Rule 44.1(d); see B. Fernández & Hnos., Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008).

Rule 44.1(d) provides that "[i]n the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct."[1] The Puerto Rico Supreme Court has stated that '[t]he main purpose of awarding attorney's fees in cases of obstinacy is to impose a penalty upon a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation.'" Top Entm't, Inc. v. Torrejon, 351 F.3d 531, 533 (1st Cir. 2003) (citing Fernandez Marino v. San Juan Cement Co., 830, 118 P.R. Dec. 713 (1987)). As such, awards of attorney's are proper if they are awarded (1) against the defeated party that (2) acted in an obstinate or frivolous manner. Reyes v. Banco Santander de P.R., N.A., 583 F. Supp. 1444, 1445 (1984); see Vazquez-Filippetti v. Banco Popular De P.R., 504 F.3d 43, 55 (1st Cir. 2007) (finding that an award of attorney's fees is appropriate only when the losing party had been obstinate or frivolous); Corpak, Inc. v. Ramallo Bros. Printing Inc.,

---

[1] This rule applies to awards for attorney's fees in diversity cases in federal courts. Sainz-Gonzalez v. Banco de Santander, 932 F.2d 999, 1004 (1st Cir. 1991). When jurisdiction in a case before the United States District Court "is premised on diversity of citizenship, the applicable standard of law for the determination of attorney's fees is the state law." Rodriguez-Lopez v. Institucion Perpetuo Socorro, Inc., 616 F. Supp. 2d 200, 202 (D.P.R. 2009); see also Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d 13, 30 (1st Cir. 2002) (citing Grajales-Romero v. Am. Airlines, Inc., 194 F.3d 288, 301 (1st Cir. 1999)); Colon v. Rinaldi, 547 F. Supp. 2d 122, 124 (D.P.R. 2008); Fajardo Shopping Ctr. ,S.E. v. Sun Alliance Ins. Co. of Puerto Rico II, 167 F.3d 1, 14 (1st Cir. 1999); Taber Partners I v. Insurance Co. of North America, Inc., 926 F. Supp. 36, 38 (D. P.R. 1996) (citing Peckham v. Continental Casualty Ins. Co., 895 F.2d 830, 841 (1st Cir. 1983)); Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 934 (1st Cir. 1991); Pan American World Airways, Inc. v. Ramos, 357 F.2d 341, 342 (1st Cir. 1996)). It is well established that Puerto Rico's Civil Procedure Rule 44.1(d) is substantive for Erie doctrine purposes. Fajardo Shopping Ctr., S.E., 167 F.3d at 14; Servicios Comerciales Andinos, S.A. v. Gen. Elec. Del Caribe, Inc., 145 F.3d 463, 478 (1st Cir. 1998). Therefore, "Puerto Rico law governs the state law claim for attorneys' fees in this diversity action." Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 30 (1st Cir. 2009); see Mass. Eye & Ear Infirmary v. QLT Phototherapuetics, Inc., 552 F.3d 47, 74 (1st Cir. 2009); Newell P.R. Ltd. V. Rubbermaid Inc., 20 F.3d 15, 24 (1st Cir. 1994).

1990 P.R.-Eng. 710,162, 125 P.R. Dec. 724, 1990 Juris P.R. 37 (1990) (holding that "in our system of justice, the assessment or award of attorney's fees does not lie in all cases; it is appropriate only ... in those cases where the court believes that the *losing party,* or his counsel, has been obstinate or frivolous."(emphasis added)).

### Applicable Law and Analysis

In the instant case, the Lease Agreement between the parties expressly states that the tenant shall pay the landlord reasonable attorneys' fees and costs incurred in litigation arising out of said agreement. Moreover, Plaintiff's attitude in this case has forced the other party to needlessly assume the pains, costs, efforts, and inconveniences of a litigation. As such, this Court finds that Defendants are entitled to attorneys' fees. This does not, however, automatically entitle Defendants to the amounts requested in their motion.

It should be noted that we find that the $125.00 hourly rate is reasonable. Moreover, since Plaintiff has not objected to the same, said rate will remain unaltered. Therefore, this Court must analyze the itemized list of hours expended in the litigation of the case in order to determine the reasonable amount of fees to be awarded.

Under Puerto Rico law, attorneys' fees are not meant to compensate a litigant for the total costs incurred in the law suit. IOM Corp. v. Brown Forman Corp., 2010 U.S. App. LEXIS 24644, 28-29 (1st Cir. P.R. Dec. 2, 2010) (citing Corpak, 1990 P.R.-Eng. At 162). Instead, "fee awards 'must be commensurate to that amount which, in the opinion of the court, reasonably represents the value of th[e] [legal] services, considering the degree of obstinacy [or frivolousness] and other circumstances of the case.'"Id. (citing Asociación de Condóminos v. Trelles Reyes, 20 P.R. Offic. Trans. 599, 605, 120 P.R. Dec. 574, 1988 Juris P.R. 25 (1988)). Once the court makes the threshold determination of obstinacy or frivolousness, the imposition of attorneys' fees is mandatory. Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d 13, 30

(1st Cir. 2002). Notwithstanding, the amount of the fees awarded is left to the discretion of the court. Id.

It is important to note that courts have not adopted any specific method to aid in calculating fee awards and, therefore, the criteria used to assess the amount of the award are not clear. Top Entm't, Inc., 351 F.3d at 251-52.[2]  The amount of fees "may not be automatically determined by simply looking at what the prevailing party paid, without taking into consideration the degree of obstinacy displayed be the losing party." Fajardo Shopping Ctr., S.E. v. Sun Alliance Ins. Co. III, 81 F. Supp. 2d 331, 337 (D.P.R. 2000).  Courts may also take into account other factors, such as 'the nature of the action, the questions of law involved, the amount at issue, the time spent, the efforts and professional activity needed for the case, and the skills and reputation of the lawyers involved' when calculating an attorney's fees award." Id. at 334; see also Correa, 298 F.3d at 31. On this point, the Supreme Court of Puerto Rico has suggested that the amount of the fees award should be directly proportionate to the duration of the litigation. Fajardo Shopping Ctr. III, 81 F. Supp. 2d at 335 (citing Corpak, 1990 P.R.-Eng. At 162) Hence, when a case is disposed of through a motion to dismiss, or one for judgment on the pleadings, rather than at trial it bears favorably on the losing party's conduct, by mitigating the degree of obstinacy permeating such conduct. See id. More so when dismissal ensues at the early stages of litigation.

In the instant case, Defendants spent time and effort in preparing the notice of removal, the motion for judgment on the pleadings, and additional documents in support thereof, and defending themselves against Plaintiff's appeal as well as other motions filed before this Court.

---

[2] Is is well settled that fee-shifting methodologies — such as the "lodestar method" — are not available under Puerto Rico law. Corpak, 1990 P.R.-Eng. At 162.

Defendant also prepared two motions for attorneys' fees. However, the Court finds that the nature of the action and the questions of law involved in this case were not complicated. Furthermore, the time, effort, and professional activity needed for the case cannot be adequately characterized as substantial.

In Top Entm't, Inc., the court awarded $60,000 in attorney's fees to a defendant in a case that lasted 5 years and had gone twice to the First Circuit. The case at bar, on the other hand, lasted less than three months prior to dismissal. Additionally, in the present case, the parties did not engage in discovery, nor attended hearings, or trial. Consequently, this Court finds that Defendants' request for $25,450.00 is not a reasonable amount of attorneys' fees. Accordingly, Defendants are awarded $15,000 in attorneys' fees.

**Conclusion**

Based on the foregoing, Defendants' request for attorney's fees is **GRANTED in part and DENIED in part**, and Defendant's counsel is awarded $15,000.00 in attorneys' fees.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 16th day of December, 2010.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. Senior District Judge